BOWEN v. THE CHICAGO, BURLINGTON & KANSAS CITY RAILWAY COMPANY, *Appellant.*

1. **Negligence** : MASTER AND SERVANT : PRIMA-FACIE CASE. The mere fact that an appliance proves to be defective and the servant is injured, does not make out, as between master and servant, for the latter, a *prima-facie* case of negligence on the part of the master.

2. ——— , ——— : ———. But the above principle does not apply where all the details of the construction of the appliance, *e. g.*, a bridge and of its inspection, are before the jury, so that the case does not stand alone on the fact that the bridge fell and the servant was injured.

3. **Master and Servant** : APPLIANCES FURNISHED SERVANT : NEGLIGENCE. The measure of the master's duty in supplying a servant with an appliance, is reasonable and ordinary care, both in its construction and in keeping it in repair. He is not required to furnish absolutely safe appliances.

4. ——— : ——— : ———. Reasonable and ordinary care must always be determined with reference to the dangers to be reasonably apprehended.

5. **Practice** : DEMURRER TO EVIDENCE. Where defendant's demurrer to the evidence offered by plaintiff is overruled, and defendant introduces evidence on his behalf, and the evidence as a whole entitles the plaintiff to go to the jury, the Supreme Court will disregard the demurrer to plaintiff's evidence even though it should have been sustained.

6. **Master and Servant**: APPLIANCES FURNISHED SERVANT. The master is not required to furnish the servant with absolutely safe appliances, and held that this rule was not violated by the instruction given in this case.

7. ——— : ——— : NEGLIGENCE OF FELLOW-SERVANT. Where the master employs competent workmen and provides suitable material for an appliance, e. g., staging, and intrusts the duty of its erection to the workmen as a part of the work which they are engaged to perform, the master is not liable to one of the workmen for injuries resulting to one of them from the falling of the structure. The negligence in such case resolves itself into the negligence of the fellow-servant.

8. ——— : ——— : NEGLIGENCE OF MASTER. But where the master undertakes to furnish structures to be used by the servant in the performance of his work, the master must use due care in the erection of the structures, and if there is negligence on his part, or on the part of some one representing him in that respect, he is liable for injuries sustained by the servant.

9. **Question of Law**: EVIDENCE. Whether there is any evidence tending to prove an alleged fact, is a question of law for the court, not one of fact for the jury.

10. ——— : ——— : SPECIAL INTERROGATORY. A special interrogatory, putting such question to the jury, will, with its answer, be disregarded.

*Appeal from Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*H. H. Trimble, Palmer Trimble, Anderson, Davis & Hagerman, Mirick & Young* and *Eads & Graham* for appellant.

(1) The plaintiff, an employe of defendant, riding on a construction train across the bridge to and from his work, while so riding was an employe and not a passenger. *Russell v. Railroad,* 17 N. Y. 136; *Gilshannon v. Railroad,* 10 Cush. 228; *Regan v. Railroad,* 23 Pa. St. 384; *Logan v. Railroad,* 14 Gray, 466; *Gilman v. Railroad,* 10 Allen, 233; *Railroad v. Soliman,* 11 Kas.

83, 92; *McQueen v. Railroad*, 15 A. & E. R. R. Cas. 227; *Shultz v. Railroad*, 36 Mo. 13, 30; *Higgins v. Railroad*, 418, 433. (2) The mere fact that the bridge fell and that plaintiff was injured thereby, does not, as between the master and servant, raise a presumption of negligence on the part of the master; nor does it, without more, justify a verdict against the master. Wood on Master and Servant, p. 800, sec. 419; *Priestly v. Fowler*, 3 M. & W. 1; *Railroad v. Higgins*, 36 Mo. 418, 432; *Shultz v. Railroad*, 36 Mo. 13, 32; *Lockwood v. Railroad*, 6 A. & E. R. R. Cas. 151, 160; *DeGruff v. Railroad*, 76 N. Y. 125, 131; *Porter v. Railroad*, 71 Mo. 66, 78, 79; *Cotton v. Wood*, 8 C. B. 572; *Condon v. Railroad*, 78 Mo. 567, 572, 573; *Railroad v. Milliken*, 8 Kas. 647, 651, 652; *Railroad v. Troesch*, 68 Ill. 545, 552; *Railroad v. Conroy*, 61 Ill. 162; *Duffy v. Upton*, 113 Mass. 544. (3) Instruction number two given for plaintiff was erroneous. The master is not required to furnish absolutely safe appliances. *Covey v. Railroad;* 86 Mo. 635; *Elliott v. Railroad*, 67 Mo. 27. Nor was the error in the instruction cured by others which correctly stated the rule as to the master's knowledge. *State v. McNally*, 87 Mo. 644; *Simmons v. Carrier*, 60 Mo. 581; *Stevinson v. Hancock*, 72 Mo. 612; *Price v. Railroad*, 77 Mo. 508; *Frederick v. Allgaier*, 88 Mo. 603. (4) The bridge in question being a temporary structure, like a scaffold or other structure, made temporarily to aid in completing some permanent structure, defendant is not liable for any defects if it selected a competent bridge foreman to plan the temporary bridge, or false work as it is called, supplied good materials, sufficient in size, quality, and quantity, and supplied competent mechanics to do the work; and if such temporary bridge was planned by such foreman and by such mechanics with such materials. *Kelley v. Norcross*, 121 Mass. 508, 510; *Killea v. Faxon*, 125 Mass. 485-6; *Armour v. Hahn*, 111 U. S. 313, 318; *Peschel v. Railroad*, 62 Wis. 338; *Arkerson*

*v. Dennison*, 117 Mass. 407, 412 ; *Wilson v. Merry*, L.
R., 1 S. C. App. 326.   (5) The standard of care to be
used in such cases would be the care exercised by
prudent and careful railroad companies ; not such care
as non-experts exercise.   *Pershing v. Railroad*, 32 N.
W. Rep. 488 ; *Meier v. Railroad,* 64 Pa. St. 227 ; *Rail-
road v. Thomas*, 1 A. & E. R. R. Cas. 87 ; *Railroad v.
Huntley*, 38 Mich. 537 ; *Railroad v. Coleman*, 28 Mich.
440 ; *Railroad v. Newell*, 3 N. E. Rep. 836 ; *Jones v.
Railroad*, 9 Heisk. 27 ; Wharton on Neg., sec. 636 ; 2
Redfield on Railroads (5 Ed.) 230 ; *Weams v. Railroad,*
80 Ky. 420.

*Waters & Wynne* for respondent.

(1)  Plaintiff's second and third instructions were
properly given.  (*a*)  The servant is entitled to safe
instrumentalities, including track, bridges, etc.   *Dale
v. Railroad*, 63 Mo. 458 ; *Gibson v. Railroad*, 46 Mo.
167 ; *Cummins v. Collins*, 61 Mo. 522 ; *Paulmier v.
Railroad*, 32 N. J. 151 ; *Vosburgh v. Railroad*, 94 N.
Y. 374 ; *Coughlry v. Glove Co.*, 56 N. Y. 124 ; *Davis
v. Railroad*, 55 Vt. 84 ; Wood M. & S., p. 687, secs.
329, 345 ; *Behm v. Armour*, 58 Wis. 1 ; *Weerns v.
Meithieson*, 4 Macq. H. L. 215 ; *Harrison v. Railroad*, 31
N. J. L. 293 ; *Railroad v. Orem*, 49 Texas, 341 ; *Rail-
road v. Herbert*, 116 U. S. 642.  (*b*)  If the bridge was
improperly or defectively constructed, or in an unsafe
or insecure condition, and defendant knew it, or, by the
use of ordinary care, might have known it, the liability
of defendant was fixed.   Wharton on Neg., sec. 211 ;
*Gibson v. Railroad*, 46 Mo. 167 ; *Devitt v. Railroad*,
50 Mo. 305 ; *Lewis v. Railroad*, 59 Mo. 495 ; *Cummins
v. Collins*, 51 Mo. 522 ; *Whalen v. Church*, 62 Mo. 326 ;
*Dale v. Railroad*, 63 Mo. 455 ; *Porter v. Railroad*, 71
Mo. 66 ; *Siela v. Railroad*, 82 Mo. 430 ; *Covey v. Rail-
road*, 86 Mo. 535.  (*c*)  It was the duty of the defendant

to keep its road and works and all portions of its track in such repair and so watched and tended as to insure the safety of all who might lawfully be upon them, whether passengers, servants, or others. *Lewis v. Railroad*, 59 Mo. 495; *Hall v. Railroad*, 74 Mo. 298; *Flynn v. Railroad*, 78 Mo. 195; *Snow v. Railroad*, 8 Allen, 441. (*d*) The duty of inspection was affirmative, and should have been continuously fulfilled and performed. *Macy v. Railroad*, 28 N. W. Rep. 249; *Greenleaf v. Railroad*, 29 Iowa, 14; *Buzzell v. Mfg. Co.*, 48 Me. 113; *Ford v. Railroad*, 110 Mass. 241; *Mullan v. Steamship Co.*, 78 Pa. 25; *Railroad v. Jackson*, 55 Ill. 492; *Harper v. Railroad*, 47 Mo. 567; *Boothe v. Railroad*, 73 N. Y. 38. (2) There was evidence to support the verdict. (*a*) While the burden of proof is upon the employe to show the negligence of the employer, he is not bound to do more than raise a reasonable presumption of negligence on the part of the employer. Wharton on Neg., sec. 428; *Johnson v. Railroad*, 26 N. W. Rep. (Neb.) 347; *Gillman v. Railroad*, 10 Allen, 233; *Coombs v. Cordage Co.*, 102 Mass. 596; *Huddleston v. Machine Shop*, 106 Mass. 282; *Laning v. Railroad*, 49 N. Y. 521; *Railroad v. Sullivan*, 63 Ill. 295; *Hart v. Bridge Co.*, 80 N. Y. 622; *Hoge v. Railroad*, 23 N. W. Rep. (Wis.) 14; *Mynning v. Railroad*, 26 N. W. Rep. (Mich.) 514; *Fuller v. Jewett*, 80 N. Y. 46; *Railroad v. Herbert*, 116 U. S. 642. (*b*) If the structure was defectively constructed, out of repair, or insecure, it is for the jury to say whether the defendant, by ordinary care, could have discovered it. *Tuttle v. Railroad*, 48 Iowa, 236; *Tierney v. Railroad*, 23 N. W. Rep. (Minn.) 229. (*c*) The span of the bridge which went down "was insufficient to bear the weight of the train." Every panel that went down had a pony bent. These bents were not constructed as required in "safe bridge building." The track was moved from the center of the bridge every time the pile driver was used.

It caused the bridge to vibrate and weave. (*d*) The evidence discloses gross negligence in the inspection of the bridge. (*e*) Under plaintiff's contract of hiring he is not to be regarded as employed in the same general service as hands running the train or working on the bridge. *O'Donell v. Railroad*, 59 Pa. St. 239 ; *Gillenwater v. Railroad*, 5 Ind. 339 ; *Fitzpatrick v. Railroad*, 7 Porter (Ind.) 436 ; 1 Redf. on Railroads, 526. (*f*) The defendant waived its demurrer to plaintiff's evidence when it proceeded with its evidence and supplied any defect there may have been in plaintiff's case. *McCarty v. Railroad*, 15 Mo. App. 385 ; *Cadmus v. B. & T. Co.*, 15 Mo. App. 86. (3) No error was committed by the court below in the admission of evidence.

BLACK, J.—Defendant appealed from a judgment in a personal damage suit and insists that the evidence does not support the verdict. The facts disclosed are these : In the course of the construction of its road, the defendant built a temporary bridge, or false work, over Grand river, in Chariton county. This bridge was used for the erection of the permanent structure therefrom, and for the passage of construction trains. It had been so used for eleven days before the accident in question. Plaintiff and others, a gang of track-layers, took the evening construction train for their lodging place on the east side of the river, and as the train was passing over the bridge, about a hundred feet of it gave way, the engine and several cars went down, and the plaintiff to save his life jumped from the car, landed in the river, and received the injuries of which he complains. It is not claimed that he was guilty of negligence.

The charge of negligence against defendant is, that the bridge was not of sufficient strength to allow the train to pass over it in safety, and that it was insecure

and in an unsafe condition at the time it gave way. Four piles were driven in a line with the current of the river, and on the top of these was placed a sill, some fifteen feet above the water. On this sill were placed four posts sixteen feet high with a cap on top. These bents were seventeen feet apart and extended from shore to shore, a distance of some three hundred feet or more. In that part of the bridge which gave way, a pony bent was constructed on each of the bents before described, consisting of three posts with a cap to receive the stringers upon which the ties rested. There is evidence that the plan of the bridge was the standard plan for permanent wooden bridges where there is no driftwood, and that the timbers and material used were of standard size and of good quality. The evidence also shows that the posts of the pony bents were not placed directly over the posts beneath; that the piles under one bent were far out of a perpendicular position, but this bent was next to the shore, had been braced a day or so before the accident, and was not in that part of the bridge which fell; that a pile-driver, built upon trucks and weighing some thirty tons, was operated from the track on the bridge, the use of which caused the bridge to vibrate and throw the track out of line, so that frequent inspections of the bridge were required. One witness says the ties were not spiked to the stringers, but others say every fifth or sixth tie was spiked. The track was constructed in such a way that it could be moved out of line, from time to time, and not interfere with the work on the permanent bridge.

1. As between master and servant, the mere fact that an appliance proves to be defective and the servant is injured does not make out a *prima-facie* case, for the servant, of negligence on the part of the master. But that is not this case. Here all the details of the construction of the bridge and its inspection were before the jury, so that the case does not stand alone on the

fact that the bridge fell and the plaintiff was injured. The measure of the defendant's duty is reasonable and ordinary care, both in the construction of the bridge and in keeping it in repair. Reasonable and ordinary care must always be determined in the light of the dangers to be reasonably apprehended. It is clear that more care is required in the construction of a temporary bridge, designed for the passage of trains and the operation of such a pile-driver therefrom, than in one simply designed for the passage of trains. While the plaintiff did not call any expert bridge builders to show that the bridge was defective in its construction, still it was competent for the jurors to say, with all the details before them, whether the defendant had used reasonable and ordinary care and foresight in erecting this structure, keeping in view the purposes for which it was to be used.

The same may be said of the inspections. The superintendent says he inspected the bridge three or four times each day; three times on the day it fell, and that he saw nothing wrong; and another witness says he inspected it at least twice a day. Forces of men were at work on both sides of the river, and at different places on the bridge, and some of these inspections were made in going from one place to the other to give directions; and whether these inspections were made with reasonable care was a question for the jury. It is a well-known principle of applied mechanics that these oscillating motions are highly detrimental to such structures, and a corresponding degree of care should be exercised to guard against their effects. There was no error in sending the case to the jury.

2. Thus far we have considered the evidence as it stood at the close of the case. A demurrer was interposed at the close of the plaintiff's evidence, which was overruled. If, after making such a demurrer, the defendant puts in his evidence, and the evidence as a

whole entitles the plaintiff to go to the jury, the demurrer to the plaintiff's evidence will not be considered here. This is true though the demurrer should have been sustained, as the case stood, when it was interposed.

3. We have held, again and again, that, as between master and servant, the master is not required to furnish absolutely safe appliances. The rule in this respect is, that the master must use reasonable and ordinary care and foresight in procuring appliances and keeping them in order and good repair, and this is the extent of his duty to the servant. This rule, it is said, is violated by so much of the plaintiff's second instruction as declares that, if the bridge "was unsafe and insecure, and was insufficient to support and sustain the weight of the train, because of its construction or its then condition ; and if defendant knew, or, by the use of ordinary care in the inspection of said bridge or otherwise, might have known, that said bridge was insecure, insufficient, or unsafe, * * * then the plaintiff is entitled to recover." We cannot see that the words "or otherwise" make the instruction call for the highest degree of care possible on the part of the defendant. By it the defendant's liability is predicated upon the fact that the bridge was unsafe, and the defendant knew it, or might have known it by the use of ordinary care. This is made the more emphatic by two instructions given at the request of the defendant, which are as follows :

"6. Even if the defects were in the original construction of the bridge, yet defendant would not be liable for such defects, if it provided competent inspectors, who went over said bridge very carefully, and inspected all parts of it carefully, and were not able to detect any such defects."

"11. Proof that the bridge got out of repair after it was built will not entitle plaintiff to recover. He

must follow this evidence by additional evidence showing that defendant knew that the bridge was out of repair, or would have known it by exercising ordinary care. Such knowledge will not be presumed; plaintiff must prove it."

4. The court refused to instruct that, if defendant selected a competent person to plan the bridge, good materials, and competent mechanics; and if the bridge was planned by such foreman and built by such mechanics according to the plan and of said materials, then defendant is not liable for defects in the construction; but the court gave an instruction to the same effect with this qualification, "unless defendant knew, or could, in the exercise of ordinary care, have known, of such defect." A servant is not a mere machine, employed to drive a nail here or a spike there, where directed by the master or some one representing him. Many things involving the exercise of judgment may properly be left to the servant. Hence it has been held, where the master employs competent workmen, and provides suitable material for staging and intrusts the duty of erecting it to the workmen, as a part of the work which they are engaged to perform, that he is not liable to one of the workmen for injuries resulting to one of them from the falling of the staging. The negligence in such cases resolves itself into negligence of a fellow-servant; and the principle has been applied under a variety of circumstances. *Kelley v. Norcross*, 121 Mass. 508; *Killea v. Faxon*, 125 Mass. 485; *Armour v. Hahn*, 111 U. S. 313; *Peschel v. Railroad*, 62 Wis. 338. It is just as well settled that if the master undertakes to furnish structures to be used by the servant in the performance of his work, the master must use due care in the erection of the structures, and, if there is negligence on his part, or negligence on the part of some one representing him in that respect, he is liable for injuries sustained by the servant. See

authorities just cited; *Arkerson v. Dennison*, 117 Mass. 407.

Now in this case it was no part of the duty of the plaintiff to build or keep the bridge in repair. Neither he nor his foreman had anything to do with it. It was held out to him as reasonably safe for the passage of construction trains, by the very act of taking him back and forth. The bridge was planned and built under the supervision of foremen, employed for that purpose. The acts of these foremen were the acts of their principal, and not the acts of a fellow-servant of the plaintiff. There is nothing in this case to take it out of the rule that the master is bound to use reasonable care and foresight in furnishing and keeping in repair structures and appliances to be used by the servant in the prosecution of the work assigned to him. This duty is personal to the master, and if intrusted to a foreman, the negligence of the foreman is the negligence of the master. It is not enough in such cases to furnish a competent foreman or agent. If the agent is shown to have been negligent, the negligence will be imputed to the master. *Porter v. Railroad*, 71 Mo. 67; *Covey v. Railroad*, 86 Mo. 639. For like reasons the defendant did not perform its whole duty by furnishing a competent bridge inspector. It was its duty to see that the bridge was properly inspected, and that, too, considering not only the fact that it was used for the passage of trains, but that it was used in operating a pile-driver therefrom. It follows that there was no error in giving and refusing instructions upon this branch of the case.

5. The objections, made to the eight special findings, returned by the jury in answer to interrogatories submitted at the request of the defendant, are, that the findings are not supported by the evidence. These objections are disposed of by what was said at the outset of this opinion. We may add, as to the eighth interrogatory, that whether there is *any* evidence tending to

prove an alleged fact is a question of law for the court, not of fact for the jury. Such an interrogatory, with its answer, will be disregarded.

6. During the progress of the trial evidence was received to the effect that the piles under the east bent leaned down the river at an angle, one witness says, of forty-five degrees. The objection to the evidence is, that it was irrelevant and immaterial. We think the evidence has some tendency to show the general character of the structure. It is true this bent did not give way, and other evidence shows that these piles were braced before the accident, but the weight to be given to the evidence was a question for the jury. It is plain that a fair trial of this case involves a full description of the entire structure, and of every part of it.

The judgment is affirmed. Ray, J., absent; Sherwood J., dissents; the other judges concur.