WILLIAM O'DONNELL, Appellant, v. JOSEPH BAUM *et al.*, Respondents.

**St. Louis Court of Appeals, December 3, 1889.**

1. **Negligence: MASTER AND SERVANT.** The master is not an insurer against accident arising from defective machinery.

2. ———: ———. The mere fact that machinery has a latent defect does not, *prima facie*, establish negligence on the part of the master; nor does the fact, that the defect was discovered and remedied by the master after injury to the servant, constitute evidence of such negligence.

| 38 | 245 |
| 114m | 557 |

| 38 | 245 |
| 65 | 165 |

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*H. M. Wilcox*, for the appellant.

The plaintiff was under no obligation to investigate for himself. He had a right to assume that there were no defects. *Devlin v. Railroad*, 87 Mo. 545; *Parsons v. Railroad*, 94 Mo. 286; *Porter v. Railroad*, 60

Mo. 160; *Dale v. Railroad*, 63 Mo. 455. This case should have gone to the jury, because different inferences may be drawn from the undisputed facts in evidence, as to whether respondents were, or were not, guilty of negligence, which was the direct cause of appellant's injury. *Huhn v. Railroad*, 92 Mo. 440; *Nagel v. Railroad*, 75 Mo. 653; *Mauerman v. Siemert*, 71 Mo. 101; *Wyatt v. Railroad*, 55 Mo. 485; *Norton v. Ittner*, 56 Mo. 352; *Tabler v. Railroad*, 93 Mo. 79; *Boland v. City of Kansas*, 32 Mo. App. 8. "An assurance from one representing that the machinery or apparatus being used is all right, and an order from him to his servant to use it, notwithstanding a complaint of the servant as to its sufficiency, amounts to a guarantee of safety, and the master will be liable for any injury then resulting from its prudent use." *McGowan v. Railroad*, 61 Mo. 528; *Rowland v. Railroad*, 20 Mo. App. 463; *Malone v. Morton*, 84 Mo. 436; *Stephens v. Railroad* 86 Mo. 221; *Stephens v. Railroad*, 96 Mo. 207; *Johnston v. Railroad*, 9 S. W. Rep. 790; 2 Thompson on Neg., p. 974; Cooley on Torts, p. 560.

*H. A. Haeussler* and *Walter M. Hezel*, for the respondents.

The measure of a master's duty, in supplying a servant with an appliance, is reasonable and ordinary care, both in its construction and in keeping it in repair. As between master and servant the mere fact that an appliance proves to be defective does not make out a *prima facie* case for the servant of negligence on the part of the master. Where, in an action founded on negligence of defendant, plaintiff's evidence shows that his own negligence directly contributed to produce the injury, he disproves the case he alleges and cannot recover. *Buesching v. Gas Co.*, 73 Mo. 229; *Flynn v. Railroad*, 78 Mo. 195; *Milburn v. Railroad*, 86 Mo. 104.

BIGGS, J., delivered the opinion of the court.

It is the well-established law of this state, that the master must furnish his servants with safe and properly constructed machinery for carrying on his business; but, by this, the law does not mean that such a degree of diligence is exacted of the master as to make him the insurer of his servants against accidents, which may result from defective machinery furnished by him. The rule is, that the master, in the selection of machinery, must exercise ordinary care, and the same degree of diligence is required of him to keep it in repair. *Porter v. Hannibal, etc., Railroad,* 71 Mo. 66; *Seil v. Hannibal, etc., Railroad,* 82 Mo. 430; *Lewis v. St. Louis, etc., Railroad,* 59 Mo. 495; *Bowen v. Chicago, etc., Railroad,* 95 Mo. 268; *Tabler v. Hannibal, etc., Railroad,* 93 Mo. 79. The servant has a right to assume that machinery furnished by the master has been properly constructed and is in good repair. The servant is not required to search for latent defects. *Lewis v. Railroad, supra; Porter v. Railroad, supra.* Nor will the law charge the servant with notice of a latent defect, from the mere use of the machinery, unless the defect was such that an ordinarily prudent and cautious man would have discerned it. *Keegan v. Kavanaugh,* 62 Mo. 232; *Porter v. Railroad, supra; Devlin v. Wabash, etc. Railway Co.,* 87 Mo. 545; *Parson v. Missouri Pacific Railroad,* 94 Mo. 286. But, on the other hand, the law requires the master, in the first instance, to inspect machinery, with which the servant is required to work, and to continue the inspection during its use, and if latent defects exist and could have been discovered by the exercise of ordinary diligence, then the master will be held liable for resulting injuries to the servant, although the latter had equal means of detecting the dangers. *Porter v. Hannibal, etc., Railroad,* 60 Mo. 160; *Same v. Same,* 71 Mo. 66; *Clowers v. Wabash, etc., Railroad,* 21 Mo. App. 217.

The solution of the questions presented by the plaintiff's appeal lies in the proper application of the foregoing legal principles, to the admitted facts in this case. The plaintiff seeks to recover of the defendants damages for personal injuries received by him, while in their employ; and he alleged that the injuries complained of were caused by a latent defect in a piece of machinery which the defendants had furnished him to work with, and which the defendants had negligently failed to keep in proper repair. The defendants denied that they were guilty of any negligence, and they also denied that they had any knowledge of the defect complained of. The answer also alleged contributory negligence by the plaintiff.

At the close of the plaintiff's case, the court gave an instruction in the nature of a demurrer to his evidence, whereupon he submitted to a non-suit with leave to move to set it aside. This motion was filed and overruled, and the case has been appealed to this court.

The evidence tends to prove that the defendants are engaged in manufacturing shoes in the city of St. Louis, and, at the time the plaintiff received the injuries complained of, he was employed by the defendants as a "sole cutter." In the discharge of his duties, the plaintiff used what is called a "low beam dieing machine." This machine was run by steam, but its movements were gauged or controlled by the plaintiff. When the die, or machine, used for cutting the soles, was properly adjusted on the leather, the beam of the machine was released from its fastenings by the plaintiff placing his foot on a treadle underneath, and the beam descended on the "die;" when the plaintiff removed his foot from the treadle, the beam went back to its place and was held in position by brakes; when the machine was in proper repair, this beam could not possibly fall, without pressure on the treadle. According to the plaintiff's

O'Donnell v. Baum.

evidence, he was hurt by the accidental falling of the beam, and this resulted from a latent defect in the springs, which were connected with and controlled the brakes. When the beam fell, the plaintiff was adjusting the "die" on the leather, and in doing so, he had his hand on top of the "die." His right hand was caught between the beam and the "die," and he suffered quite a painful injury.

It may be conceded that the falling of the beam was the result of a latent defect in the springs which controlled the brakes; that this defect was unknown to the plaintiff, and that in the use of the machine it could not have been discovered by him, by ordinary observation. It may also be conceded that the plaintiff's evidence does not show any contributory negligence on his part. This only leaves for our consideration the question of negligence of the defendants. The question is, did the plaintiff's evidence tend to prove that the defendants failed to exercise ordinary care in keeping the machine in repair. It may be well to observe, in this connection, that the mere fact that the machine was defective does not make a *prima facie* case of negligence against the defendants. *Bowen. v. Chicago, etc., Railroad*, 95 Mo. 268. In addition to this, there must be some substantial evidence in the cause, that the defendants failed to exercise ordinary care in keeping the machine in repair.

The plaintiff testified that, about a month prior to the time he was injured, the machine became "a little shaky," as he expressed it. The cog wheel connected with the machine broke, and he called the attention of the defendant's foreman to this fact, and the foreman immediately repaired the machine by putting in a new cog wheel. The plaintiff further testified, that two or three days before he was hurt, he again called the attention of the foreman to the machine, and told him that the machine needed repairing; that the foreman

O'Donnell v. Baum.

and the defendants' superintendent examined the machine and informed the plaintiff that it would be repaired on the following day; that the defendants did employ a machinist to overhaul the machine and make the necessary repairs; that the machinist did considerable work on it, but failed to strengthen the springs, which had become weak by use, and this was subsequently ascertained to be the real defect in the machine and the cause of the accident. After the machine was repaired, the plaintiff again commenced to use it, and he found that it did not work smoothly. The defendants' foreman and the machinist who had made the repairs assured the plaintiff that the machine was in good condition, and with a little use it would work all right. A few hours afterwards the accident occurred. After the accident, the machine was again repaired, and the defendants put in a new spring. On cross-examination, the plaintiff said that the machinist told him that he had repaired the machine and that it was in good order. He also testified that, at the time he was injured, there was nothing to indicate to him, or any reasonable man, that the machine was out of order.

There is certainly nothing in this record tending to prove that the defendants failed to exercise ordinary care in making the repairs on the machine. They did all that reasonable men could do. They employed a machinist to overhaul the machine, and, in the absence of any testimony to the contrary, it must be presumed that he was a competent man for the work in which he was engaged, and that he did his work with reasonable skill. The evidence shows that the defendants acted promptly when they were informed that the machine needed repairing, and we cannot conceive upon what principle of law they are to be held liable for this accident; unless we depart from the well-known rule that the master is not an insurer against accident

resulting from defective machinery. The fact that the defect was afterwards discovered and remedied is, within itself, no evidence of negligence in making the repairs. With equal propriety it could be said, that the mere fact that the machine was defective afforded some evidence of negligence, which the supreme court has held not to be the law. *Bowen v. Chicago, etc., Railroad, supra.* In *Dutzi v. Geisel*, 23 Mo. App. 679, the attention of the master's vice-principal had been called to the identical defect which afterwards caused the accident; hence that case is clearly distinguishable from the case at bar.

The record in this case presents one of those unfortunate accidents, for which no one can be properly held blamable. It was one of the risks that the plaintiff assumed when he entered the service of the defendants. The judgment of the circuit court must be affirmed. All the judges concurring, it is so ordered.