A. G. BROWN, Respondent, v. HERSHEY LAND & LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1896.

1. **Master and Servant:** OBLIGATION OF FORMER TO LATTER. The master is not an insurer of the safety of appliances furnished by him to his servant, but is only bound to exercise reasonable care in their selection and in their inspection if needed. And *held*, that the evidence in this case failed to show any dereliction in the master's duty in that regard.

2. ———: ACTION FOR PERSONAL INJURY: PLEADING AND PROOF. In an action by a servant for injury caused by the alleged negligence of the master in furnishing a defective appliance, the plaintiff must recover, if at all, on the negligence charged, and is bound to show that it was the direct and immediate cause of the accident complained of.

3. ———: ———: NOTICE TO MASTER OF DEFECTIVENESS OF APPLIANCE. *Held, arguendo,* that in such an action notice to the master is not necessarily established by knowledge of the defectiveness of the appliance by a servant other than the one suing, since the inquiry would always remain whether such other servant was authorized to deal with the matter, and whether he occupied the relation of vice principal or of fellow servant to the plaintiff.

4. Instructions, Error In: AIDER BY OTHER INSTRUCTIONS. An instruction which is incomplete may be aided by another instruction, but one which is incorrect can not be thus aided.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*Olden & Orr* for appellant.

(1) The evidence failed to support the allegations of negligence in the petition, and defendant's demurrer should have been sustained. *Noland v. Shickle,* 3 Mo. App. 300; *Smith v. Railroad,* 37 Mo. 292; *Holman v. Railroad,* 62 Mo. 562; *Callahan v. Warne,* 40 Mo. 136; *Elliot v. Railroad,* 67 Mo. 275; *Breen v. St. Louis Cooperage Co.,* 50 Mo. App. 202; *Flynn v. The Union Bridge Co.,* 42 Mo. App. 536; *Jones v. Leager,* 2 Dillon, 68; *McMillen v. Railroad,* 20 Barb. 449; *Searles v. Railroad,* 101 N. Y. 661; *Dobbins v. Brown,* 119 N. Y. 188; Thompson on Negligence, p. 1053, sec. 48; Wood on Master and Servant, sec. 382; Shearman & Redfield on Negligence, sec. 99; Pierce on Railroads, 373–382; 3 Wood on Railroad Law, 1505. (2) Instructions 1 and 3 given for plaintiff are erroneous in that they allow a recovery for defects not pleaded. *O'Brien v. St. Louis Drayage Co.,* 50 Mo. App. 89; *Yarnell v. Railroad,* 113 Mo. 579; *Bohn v. Railroad,* 106 Mo. 429. (3) The third instruction given for the plaintiff is erroneous in that it makes the knowledge, or negligence, of any of defendant's servants its knowledge.

Wharton on Negligence, sec. 223; Wade on Notice, sec. 674; Mechem on Agency, secs. 718, 725; *Railroad v. Dolan*, 32 Mich. 510; *Congar v. Railroad*, 24 Wis. 157.

*A. H. Livingston* for respondent.

ROMBAUER, P. J.—The plaintiff in an action for personal injuries recovered a verdict and judgment for $400. The defendant appeals, and assigns for error the refusal of the court to take the case from the jury at the close of plaintiff's evidence, the giving of erroneous instructions for plaintiff, and the refusal of the court to set aside the verdict as one unsupported by the evidence.

The plaintiff was a laborer in defendant's sawmill, and was injured in consequence of the breaking of a key to the coupling which held the gang saws together. The cause of the injury is stated in his petition as follows:

"That said saw and machinery was at said time, and long prior thereto, worn, defective, out of repair, and unsafe. That the key to the lower coupling to said saw was worn, defective, and so out of repair, that it was wholly insufficient and unsafe for the purposes for which it was made and was then being used. The defendant knew of such worn, defective, and unsafe condition of such coupling, or could, by the exercise of reasonable care, have known of such condition as aforesaid. The plaintiff had no knowledge of such defective and unsafe condition of such machinery. That on said day, and while plaintiff was engaged and working for defendant at the place and in the capacity aforesaid, and through the negligence of defendant in using such machinery, said lower coupling and key to said gangway saw broke, and caused a large iron piece of

such machinery to strike and hit plaintiff on the right shoulder and back.''

The answer was a general denial. The plaintiff was the only witness in his own behalf. He stated that he began work for the defendant in August, 1892, and continued until October, 1893, when the accident happened. He stated that he noticed nothing out of the way about the key until it broke, but that he saw it three weeks after the accident, when it bore indications that the break was partly old and partly new; and that the only way he judged that the break was partly old was by the fact that some of it was covered with oil and the rest was clear. The plaintiff further stated that the key had been put into the coupling about six months prior to the accident, and had not been taken out and examined thereafter prior to the accident; but the plaintiff gave no evidence from which it was even fairly inferrable that such an examination was either usual or needed, nor did he give any evidence tending to show that the key was defective in its original construction, or that its break was the result of any defect in the key.

This statement of the evidence clearly shows that the court erred in not taking the case from the jury at the close of plaintiff's evidence. The master is not an insurer of the safety of appliances furnished by him, but is only bound to reasonable care in their selection and in their inspection if needed, and before the servant can recover he is bound to show the dereliction of the master's duty in that regard. *Bohn v. Railroad*, 106 Mo. 429; *O'Donnel v. Baum*, 38 Mo. App. 245..

Plaintiff contends that, conceding that the evidence adduced by him furnished no basis for recovery, yet the evidence adduced by the defendant supplied the omission, and hence the error of the court in refusing to take the case from the jury at the close of plain-

tiff's case was, at most, harmless error. The key in question was made at defendant's blacksmith shop by one of defendant's employees. There was evidence by one of defendant's witnesses that it appeared to be too highly tempered, which fact might have made it over brittle. In connection with this evidence the plaintiff invokes the principle, that there is *prima facie* evidence of negligence on part of the master when an injury results from a defective appliance *manufactured by himself.* The vice of this argument is that there is no evidence in the case that the grade of the temper of the key caused its breakage, nor is the negligence charged in the petition one relating to defect in construction, but one relating to the want of repair. The plaintiff must recover, if at all, on the negligence charged in his petition, and must show, not only that a defect existed, but that such defect was the direct and immediate cause of the accident complained of. *Breen v. Cooperage Company*, 50 Mo. App. 202–213.

Complaint is also made of plaintiff's instruction, which is to the effect that it is sufficient to charge the defendant with knowledge of a defect in the machinery, that any of its agents or servants knew of it, or might have known of it by reasonable diligence. This instruction is erroneous, even if there were evidence to support it. The knowledge of a servant is notice to the master only in cases where the servant has authority to deal in reference to the matter which the notice affects. Even in such a case the servant's negligence to report or remedy the defect may be either that of a co-servant, or that of a vice principal, and the master is chargeable with notice in the latter event only. *Dutzi v. Geisel*, 23 Mo. App. 676.

It is claimed that this instruction, even though erroneous, was not misleading, because the court in an instruction given on defendant's behalf used the quali-

fying term "servants intrusted with repairing the same." An instruction which is incomplete may be aided by another instruction, but an instruction which is incorrect can never be thus aided. Inconsistent instructions are always erroneous. *Flynn v. Union Bridge Company*, 42 Mo. App. 529–536.

The judgment is reversed, and the cause remanded. All the judges concur.