## J. S. SPAULDING, Respondent, v. MISSOURI LUMBER & MINING COMPANY, Appellant.

**St. Louis Court of Appeals, June 2, 1914.**

1. **BILLS OF EXCEPTIONS: Time of Filing: Act of 1911.** Under Laws of 1911, p. 139, a bill of exceptions filed within the time appellant is required by the rules of the appellate court to serve his abstract of the record on respondent is filed in time, although the time granted by the trial court within which to file it has expired.

2. **MASTER AND SERVANT: Injury to Servant: Defective Appliances: Sufficiency of Evidence.** In an action for injuries sustained by a brakeman on a car operated on defendant's tramway, by reason of the breaking of an eyebolt attaching a brake chain to the staff, evidence of an inspector that, on examining the broken bolt immediately after the injury, the break appeared to be old in part and in part new, that there was an old crack in the bolt, and so much of it was rusty, while the remaining part of the break was bright, was sufficient to justify a finding that the bolt had been defective for a sufficient length of time to have enabled defendant to discover it by the exercise of ordinary care in performing its duty of inspection.

3. ————: ————: **Instructions: Degree of Care.** In an action for injuries sustained by a brakeman on a car operated on defendant's tramway, by reason of the breaking of an eyebolt attaching a brake chain to the staff, an instruction, given at the instance of plaintiff, that it was defendant's duty to furnish machinery and appliances to its employees that were reasonably safe, secure and sufficient for the transaction of its business, and, in the absence of notice to the contrary, the employees were entitled to assume that the cars and appliances furnished to them were safe, secure and sufficient, and that if defendant neglected its duty in that behalf, the verdict should be for plaintiff, provided the jury found certain other facts hypothesized, which specifically submitted plaintiff's theory of defend-

ant's negligence, was erroneous, as, in effect, imposing on defendant the obligation of an insurer rather than the duty to exercise ordinary care; but in view of the fact that, in an instruction given on behalf of defendant, the correct rule on the subject is set out, to the effect that defendant was not an insurer and that its duty was merely to exercise ordinary care, to the end of furnishing reasonably safe appliances, the error was not prejudicial.

4. ————: **Duty of Master: Degree of Care.** A master is required to use ordinary care only in the matter of furnishing his servant with appliances that are reasonably safe for the purposes intended.

5. **INSTRUCTIONS: Construction: Entire Charge Considered.** The instructions are to be read together, and an omission or incorrect statement in one instruction may be supplied or rendered innocuous by another instruction.

6. **MASTER AND SERVANT: Injury to Servant: Instructions: Submitting Negligence Not Pleaded.** In an action for injuries sustained by a brakeman on a car operated on defendant's tramway, by reason of the breaking of an eyebolt attaching a brake chain to the staff, where the petition alleged that plaintiff's injuries resulted from defendant's negligence in failing to provide a safe eyebolt, and there was neither allegation nor proof as to any defect in the brake chain, an instruction authorizing a recovery if the jury found that the chain connecting the brake and rachet was defective or broken, was erroneous.

7. **NEGLIGENCE: Instructions: Submitting Act of Negligence Not Pleaded.** In a negligence action, an instruction which submits an act of negligence on a theory not counted on is erroneous.

8. **INSTRUCTIONS: Necessity of Predicating on Evidence.** An instruction submitting a theory which is not justified by the evidence is erroneous.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing*, Judge.

REVERSED AND REMANDED.

. *L. B. Shuck, L. F. Dinning* and *W. J. Orr* for appellant.

(1) The petition alleges specific negligence and the proofs are directed to a single defect and plaintiff is held to establish the negligence alleged unaided by

any presumption. Brit v. Crebo, 158 S. W. 68; Gibler v. Railroad, 128 S. W. 791; McGrath v. Transit Co., 94 S. W. 872; Evans v. Railroad, 121 S. W. 36; Orcutt v. Century Bldg. Co., 99 S. W. 1062; Findley v. Box Co., 158 S. W. 23; Newlin v. Railroad, 121 S. W. 125; Howell v. Wabash, 129 S. W. 725; Anderson v. Railroad, 130 S. W. 82; Harrington v. Railroad, 146 S. W. 821. (2) It devolved upon the plaintiff to establish: That the appliance was in fact defective, before the accident; that such defect caused his hurt; that the defect was of such a nature and duration that reasonable and ordinary care in inspecting the car would have discovered, or that the defendant had actual knowledge of such defect. Railroad v. Wagoner, 33 Kan. 660; Railroad v. Gaines, 46 Ark. 555; Sherman & Redfield, No. 29; Thompson on Neg., 1053; Wood on Master & Servant, 382; Pierce on Railroads, 373; Goode v. Coal Co., 151 S. W. 508; Current v. Railroad, 86 Mo. 62; Flynn v. U. Bridge Co., 42 App. 529; Bohn v. Railroad, 106 Mo. 429; Howard v. Railroad, 173 Mo. 524; Covey v. Railroad, 86 Mo. 635; O'Mellia v. Railroad, 115 Mo. 205; Glasscock v. Dry Goods Co., 80 S. W. 364. (3) The presumption is that the master has done his duty and this must be met and overcome by proof that the master has failed to exercise that degree of care required of him, and it is not for the defendant to affirmatively show a performance or to account for the accident. Stoeckman v. Railroad, 15 Mo. App. 503; Krampe v. Brewing Co., 59 Mo. App. 277; Breen v. Cooperage Co., 50 Mo. App. 202; Bowen v. Railroad, 95 Mo. 268; Copeland v. Railroad, 175 Mo. 650; Franklin v. Railroad, 71 S. W. 540. (4) The instruction on part of plaintiff which tells the jury that it was the duty of the defendant to furnish appliances reasonably safe, or safe, secure and sufficient, is erroneous in that it incorrectly states the law as to the master's duty. Moore v. Railroad, 93 S. W. 870; Hack v. Railroad, 93 S. W. 826; Bennett v. Lumber Co., 94

S. W. 808; Morgan v. Mining Co., 141 S. W. 740; Henson v. Pascola Stave Co., 131 S. W. 934; Bowden v. Daniell, 132 S. W. 26; Anderson v. Electric Park Amusement Co., 125 S. W. 1198; Haas v. Car Co., 157 S. W. 1040; Vilter Mfg. Co. v. Kent, 105 S. W. 526; Armour & Co. v. Russell, 144 Fed. 615. (5) An erroneous instruction which purports to be complete within itself and directs a verdict on the facts hypothecated is not cured by conflicting instructions correctly stating the law. Price v. Railroad, 77 Mo. 508; Morgan v. Railroad, 81 S. W. 1158; Thomas v. Robb, 45 Mo. 384; Redpath v. Lawrence, 42 Mo. App. 101; Fath v. R. R., 16 S. W. 913; Bluedorn v. Railroad, 18 S. W. 1103; Hickman v. Link, 22 S. W. 472; Frank v. R. R., 57 Mo. App. 181; Berryman v. Cox, 73 Mo. App. 67; Standard Oil Co. v. Meyer Drug Co., 74 Mo. App. 446; Roberts-Johnson-Rand Shoe Co. v. Sheppard, 70 S. W. 931; Danker v. Goodwin Mfg. Co., 77 S. W. 338; Spillane v. Railroad, 20 S. W. 295. (6) The instruction on the measure of damages is misleading and authorizes a double recovery. McKinstry v. Transit Co., 82 S. W. 1108; Maggioli v. Transit Co., 83 S. W. 1026; Railroad v. Hannig, 43 S. W. 508; Railroad v. Butcher, 84 S. W. 1052; Railroad v. Warner, 54 S. W. 1064; Brewing Co. v. Dickey, 49 S. W. 935; Railroad v. Perry, 82 S. W. 343; Railroad v. McCraw, 95 S. W. 82.

*Orchard & Cunningham* for respondent; *J. H. Raney* of counsel.

(1) A bill of exceptions must be filed during the term at which the case is finally disposed of, unless the time for filing same be extended in the manner required by law. And where the record shows that leave was granted plaintiffs to file their bill of exceptions on the fourth judicial day of the next term of court; but the bill was not filed until the 20th day of May, which was the 8th judicial day of the next May term of court,

this fact renders the bill worthless as a bill of exceptions, and the fact that the record shows that the bill was filed in open court by consent of parties, gives the bill no judicial standing; after the time expires for filing bill of exceptions, there does not exist any power in the court or out of it, or in the parties, or their counsel, further to extend the time. Dorman v. Coon, 119 Mo. 68; School District v. Boyle, 113 Mo. App. 340. And this is true notwithstanding the amendment to Sec. 2029, R. S. 1909, and the rulings thereon. (2) Where a petition states two separate and distinct causes of action, each constituting negligence, and each sufficient in itself to sustain the cause of action, if there is proof to sustain one, and no proof of the other, the action will not fail. Ott v. Railroad, 12 Mo. App. 168; Oglesby v. Railroad, 150 Mo. 137. And if one of the acts of negligence as charged is not under the law, such negligence as defendant is liable for, and he waits until after verdict before raising objection thereto he will not then be heard if by a liberal construction of the petition it is found sufficient to sustain the verdict. Oglesby v. Railroad, 150 Mo. 137. It has been authoritatively ruled that after verdict the petition should not be most strictly construed against the pleader, but should be construed liberally with a view to substantial justice. Saxton v. Railroad, 98 Mo. App. 494; Farmers Bank et al. v. Manchester Assurance Company, 106 Mo. App. 114; Cameron v. Roth Tool Co., 108 Mo. App. 265. (3) The testimony establishes the fact that the break in the eyebolt was an old one, and it was a question for the jury under all the facts to determine whether defendant was negligent or not. The rule is, that negligence is not a fact which is the subject of direct proof, but an inference from facts put in evidence; it is invisible, intangible, and, like sensible or physical events, generally incapable of direct proof, but is inferred from other facts and circumstances which admit of direct proof and which

raise a presumption of the truth of the main fact to be proved. When the facts are undisputed, the question whether an inference of negligence can be deduced is one of fact for the jury under proper instructions. Hoel v. Under Writers Land Company, 158 S. W. 694; Baird v. Citizens Railway Company, 146 Mo. 265; Rose v. Mays, 139 Mo. App. 246; Green v. Railroad, 156 Mo. App. 259. The master is under the duty to make continuous inspection to maintain the appliances in a reasonably safe condition. Kramp v. St. Louis Brewing Association, 59 Mo. App. 277. (4) Appellant in the third paragraph of its brief asserts that the presumption is that the master has done its duty, and this must be overcome by proof that the master has failed to exercise that degree of care required of it and cites a number of authorities in support thereof. We have read all of them and fail to find any such rule laid down in them (but, admit that to be true, we have fully met that by the testimony introduced). We do find however, that the servant has the right to assume that all necessary examinations have been made by the master, and is not required to examine the machinery as to its fitness. Porter v. Railroad Company, 71 Mo. 66; O'Neil v. Blase, 94 Mo. App. 648. (5) Appellant in the fourth paragraph of its brief complains of plaintiff's instruction number 1, in which it tells the jury that it was the duty of the defendant to furnish appliances reasonably safe. Secure and sufficient, is erroneous in that it incorrectly states the law as to the master's duty. And use the words safe, or safe, secure and sufficient. The instruction is reasonably safe, secure and sufficient, and we contend is proper and not open to the criticism made by appellant. The instruction is copied from an instruction passed upon by the Supreme Court of this State, and is almost a literal copy of it; this has never been overruled or criticised so far as we can find. Condon v. Railroad, 78 Mo. 567. Although this case has often been cited the instruction

has never been criticised.    See also: Porter v. Railroad Company, 71 Mo. 66.    But although plaintiff's instruction might not have gone far enough and referred to the affirmative defenses the case might have presented (which we do not admit) but if such is the case the appellant was kind enough to supply that by its instructions.    We contend there is no conflict between the plaintiff's and the defendant's instructions, and that whatever was lacking in plaintiff's instruction was supplied by defendant's instructions.    Schroeder v. Michel et al., 98 Mo. 43; Reames v. Dry Goods Co., 99 Mo. App. 396; Kingman & Company v. Shawley et al., 61 Mo. App. 54; Ellingson et al. v. Railroad Co., 60 Mo. App. 679; Heman v. The Compton Hill Improvement Company, 58 Mo. App. 480.    (6)    Appellant in the sixth paragraph of its brief contends that plaintiff's instruction number 2, on the measure of damages is misleading and authorizes a double recovery.    We think this contention is untenable. Copeland v. Railroad, 175 Mo. 650; O'Neil v. William Blase, 94 Mo. App. 648; Porter v. Railroad, 71 Mo. 66; Milledge v. Kansas City, 100 Mo. App. 490; Sidekum et al. v. Railroad, 93 Mo. 400; Chartrand v. Railroad, 57 Mo. App. 425; Eberly v. Railroad, 96 Mo. App. 361.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is engaged in the lumber business and owns and operates in connection therewith numerous tramways and cars operated by a steam locomotive thereon.    At the time of his injury plaintiff was a brakeman on one of defendant's logging trains.    It appears the locomotive was disconnected and certain cars were shunted forward down an incline and plaintiff was stationed upon one of the cars with a view to controlling it by applying the brake.    In applying the brake, it was necessary to wind a chain on the brake

staff and this chain was made fast by means of an eye-bolt.    The eyebolt broke in two while plaintiff was utilizing the brake and precipitated him forward upon the track, to his injury.    It appears one of the cars passed over plaintiff, breaking one of his legs and severely injuring the other.

Plaintiff insists that the matters of exception may not be considered here, on appeal, for the reason it does not appear the bill of exceptions was filed within the time authorized by the court thereabout.    Obviously this objection is without merit, under the recent statute touching the question.    The case was tried at the May, 1912, term of the circuit court and leave was granted to defendant during vacation thereafter to file the bill of exceptions in aid of the appeal then granted.    It is true the bill of exceptions was not filed within the time granted by the court, but it was approved and filed before the defendant was required by the rules of this court to serve its abstract of the record on the plaintiff, and such will suffice under the amended statute, concerning the matter of filing the bill of exceptions, approved March 13, 1911.    [See Laws of Missouri 1911, pp. 139, 140.]

It is further urged on the part of plaintiff that we may not consider the matters of exception because no exception was preserved to the overruling of the motion for a new trial but the contrary appears to be the fact. Such an exception is expressly recited in the bill of exceptions and enough appears on that score.

It is argued, on the part of defendant, that the court should have peremptorily directed a verdict for it because, though the eyebolt broke and occasioned plaintiff's injury, it does not pointedly and affirmatively appear how long such eyebolt had been defective before the parts were severed while plaintiff was engaged in setting the brake.    It is true the evidence concerning this matter was poorly developed at the trial and is not as satisfactory as it should be, but we believe

enough appears to render the question one for the jury. Defendant's car inspector testified that, upon examining the broken eyebolt immediately after plaintiff's injury, the break therein appeared to be old in part and in part new. In other words, there was an old crack in the eyebolt and so much of it was rusty while the remaining portion of the break was bright and new. It appears the car was an old one and so, too, was the equipment about the brake thereon. When those facts are considered together with the fact that the eyebolt broke at a place where a crack had existed therein, which revealed rust on the broken surfaces, we believe it was competent for the jury to infer the eyebolt was defective for a sufficient length of time to have enabled defendant to discover the defect by exercising ordinary care in performing its duty to inspect the appliances with which plaintiff was required to work. [See Guthridge v. Mo. Pac. R. Co., 94 Mo. 468, 7 S. W. 476; s. c. 105 Mo. 520, 16 S. W. 943.]

The principal instruction given at the instance of plaintiff is as follows:

"The court instructs the jury that it was the duty of the defendant to furnish and supply to its employees or those engaged in operating its trains of cars, machinery and appliances to such cars and various appliances thereto belonging, that they were reasonably safe, secure and sufficient for the transaction of its business. In absence of notice to the contrary, the employees of defendant had a right to assume that the cars and appliances furnished to them with which to work were so safe, secure and sufficient. If you find, therefore, that defendant neglected its duty in this behalf, and that on or about the 30th day of December, 1908, J. S. Spaulding, the plaintiff was an employee of the defendant as a brakeman and was at said time engaged in the prudent and careful discharge of his duties under such employment, and that there was a defective and insufficient brake or brake appliances, to-wit: *the*

*chain connecting the brake and the rachet were defective, or broken, or that the eyebolt extending through the eye on the rachet* was broken or defective on one of the cars furnished to plaintiff and upon which he was engaged to work and at the time was engaged at work; that said brake and by reason of or in consequence of such defective or insufficient brake attachments upon cars so furnished him while so engaged in the prudent and careful discharge of his duties and without any knowledge thereof on his own part said J. S. Spaulding fell or was thrown from said car and was run over and injured by a car or train of cars then being run and operated by defendant, then the verdict should be for the plaintiff, not to exceed ten thousand dollars."

It is urged this instruction is erroneous in several respects, and we are persuaded to that view. No one can doubt that it was defendant's duty to exercise ordinary care for the safety of plaintiff and nothing more. Notwithstanding that this was the full measure of defendant's obligation in the premises, the instruction above copied nowhere suggests the thought of ordinary care. On the contrary, it seems to proceed in part, at least, as though defendant was an insurer, for it informs the jury "that it was the duty of defendant to furnish and supply to its employees . . . machinery and appliances that were reasonably safe, secure and sufficient for the transaction of its business." Moreover, the instruction says, too, that in the absence of notice to the contrary the employees had a right to assume that the cars and appliances furnished to them with which to work were so safe, secure and sufficient. There is nothing said in the instruction to the effect that defendant might perform the full measure of its duty by exercising ordinary care with respect to the end suggested; yet, the instruction proceeds to inform the jury that, if defendant neglected its duty in the behalf above stated and that as a result

of such neglect plaintiff was injured, a recovery might be had. The master is required to use ordinary care only to the end of furnishing the servant appliances which are reasonably safe for the purpose intended and, therefore, the instruction above set forth inheres with error throughout. [See Dunn v. Nicholson, 117 Mo. App. 374, 93 S. W. 869; Bowen v. Chicago, etc. R. Co., 95 Mo. 268, 276, 8 S. W. 230; Hach v. St. Louis, I. M. & So. R. Co., 117 Mo. App. 11, 93 S. W. 825.] But for this alone it may be the judgment should not be reversed. In Bradley v. C. M. & St. P. Ry. Co., 138 Mo. 293, 39 S. W. 763, and also in Garard v. Mfrs. Coal & Coke Co., 207 Mo. 242, 260, 261, 105 S. W. 767, an instruction similarly defective was approved because other portions of the same instruction sufficiently advised the jury touching defendant's duty to exercise ordinary care and operated to dispel the idea that it was an insurer. It is true in this instruction nothing appears sufficient to advise the jury as to this. But in defendant's instruction the matter is made entirely clear, for it not only declares the correct rule on the subject, but stresses the proposition to the effect that defendant is not an insurer and that its duty was only to exercise ordinary care to the end of furnishing a reasonably safe appliance. The instructions are to be read together and when so read, we are unwilling to say that reversible error appears because of this alone. [See Pendegrass v. St. Louis & S. F. R. Co., 179 Mo. App 517, 162 S. W. 712, 717.]

However, this same instruction is erroneous, in that it authorizes a recovery on a specification of negligence appearing in the petition, but wholly devoid of support in the evidence. The evidence goes to the effect that plaintiff came to his injury through the breaking of the eyebolt to which the brake chain was attached and it was certainly proper to submit this matter to the jury. But the instruction, as will appear by the words italicized, authorized a recovery for

plaintiff, too, if the jury found "the chain connecting the brake and the rachet was defective or broken." As to this matter, nothing appears in the evidence. No one suggests that the chain connecting the brake and the rachet was defective or broken, but on the contrary the evidence is pointed and direct to the effect that the eyebolt alone broke under the strain put upon it through plaintiff's applying the brake, as was his duty; and thus loosened the entire appliance so as to throw him forward upon the track to his injury. The first instruction for plaintiff embodies his entire theory of the case and none other, save one on the measure of damages, was given for him. This instruction authorizes a recovery in one view so radically at variance with the evidence and appears to be so inconsistent with those given on the part of defendant as to require us to condemn it as erroneous throughout. Because of it the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds*, *P. J.*, and *Allen*, *J.*, concur.