HENRY *et al., Appellants*, v.· THE GRAND ·AVENUE RAILWAY COMPANY.·

### Division Two, January 31, 1893.

1. **Street Railway**: INJURY TO FOOTMAN: CROSSING AT UNUSUAL PLACE: EVIDENCE. Evidence that a woman, injured by a street car, was crossing the street at the time of the injury at a place not generally used as a crossing and where it was unusual for women to cross, while not competent in an action by her for such injury to show contributory negligence on her part, is admissible for the purpose of showing that a greater degree of care and caution was required of her than would have been required had she crossed at the usual place and the injury had occurred there.

2. ———: STREETS: RIGHTS OF PEDESTRIANS: CARE AND CAUTION. Pedestrians have the right to use streets for all ordinary purposes. They may walk along and across them at any point they may see fit in the exercise of due care and caution.

3. ———: ———: ———: ———: QUESTION FOR JURY. What is due care and caution on the part of a person crossing a street, is a question for the jury, under all the facts and circumstances in proof, to be determined in .the light of the dangers to be reasonably apprehended

4. **Negligence.** There is no absolute rule in regard to negligence. Each case must be determined by the peculiar facts and circumstances surrounding it.

5. **Practice**: INSTRUCTIONS. While it is the duty of the court to tell the jury what questions of fact are before them to be passed upon, it is not necessary that it should be done in one instruction. If the instructions, taken as a whole, present the issues fairly and are not misleading nor calculated to mislead the jury, it is all that is necessary.

6. **Negligence** : ACCIDENT: INSTRUCTION. In an action for personal injury, an instruction, that, if the injury was "merely the result of accident" there can be no recovery, is not erroneous, since such instruction must be held to mean that, if the injury was purely accidental and without fault on defendant's part, plaintiff cannot recover.

7. **Instruction**: MEANING OF WORDS. Words used in an instruction must be taken in their usual and ordinary meaning and as generally understood.

8. ————: NEGLIGENCE. Although an instruction in an action for negligence is objectionable because of its failure to require the exercise of any prudence or care on the part of defendant's servant, by reason of whose negligence, it is alleged, the injury occurred, yet if, when taken in connection with all the other instructions, the jury were not misled by it, the judgment will not for that reason be reversed.

9. ————: VERDICT. Where the verdict returned by the jury is the only one that could have been found consistent with the evidence, the judgment will be affirmed, although an objectionable instruction was given.

*Appeal from Jackson Circuit Court.*

AFFIRMED.

*Kagy & Bremermann* for appellants.

(1) The court refused an instruction (number 1) which told the jury what the issues of the case are. The instruction is substantially like an instruction given in *Roe v. City*, 100 Mo. 192. This instruction defined the issues made by the pleadings. It was the duty of the court to tell the jury what the issues were. *Dashler v. Nisely*, 32 Mo. 498; 2 Thompson on Trials,

sec. 2314; 11 American & English Encyclopedia of Law, sec. 5, p. 251; *Butcher v. Death*, 15 Mo. 270. (2) Defendant's first instruction is manifestly erroneous and violative of the plainest principles of law. Webster's Dictionary, definition of "chance;" *Crutchfield v. Railroad*, 76 N. C. 320; *Brown v. Kendall*, 6 Cush. (Mass.) 292; *Schneider v. Ins. Co.*, 24 Wis. 28; *White v. Railroad*, 30 S. C. 218; *Paxton v. Boyer*, 67 Ill. 132; *Morris v. Platt*, 32 Conn. 35; *Bedford v. Railroad*, 99 Ind. 551; *Lemon v. Chanselor*, 68 Mo. 346; *Morning Light*, 2 Wall. 560; *Houston v. Railroad*, 49 Tex. 576; 1 American & English Encyclopedia of Law, title "Test of Liability" p. 82; *Martin v. Miller*, 16 Mo. 508; *Morgan v. Cox*, 22 Mo. 373; *Conway v. Reed*, 66 Mo. 346; *Dowell v. Guthrie*, 99 Mo. 653. (3) Even though the instruction states a correct principle of law, which it does not, it is wholly in conflict with the instructions given at both plaintiff's and defendant's instance, and a new trial must be granted for inconsistency. (4) Defendant's second instruction is vague and ambiguous. (5) The court erred in permitting defendant to show by its president, Mr. Walton Holmes, that it was customary for men to cross at cross-walks. The rights of pedestrians and railroads are reciprocal on the public streets. True, the city has provided cross-walks, but plaintiff was not bound to use them; she had a right to cross at such point as she saw fit, exercising due care and caution. *Stringer v. Frost*, 116 Ind. 477, and cases cited; *Winters v. Railroad*, 99 Mo. 517. (6) The fourth instruction given for defendant is bad. It is true that the doctrine of comparative negligence does not prevail in this state, but the rule is well settled that if defendant by the exercise of ordinary care could have discovered and averted the calamity, but failed to do so, then there is a liability. *Dunkman v. Railroad*, 95 Mo. 232; *Harlan*

v. *Railroad*, 64 Mo. 22; *Bergman v. Railroad*, 88 Mo. 678; *Rine v. Railroad*, 88 Mo. 392; *Mertz v. Railroad*, 88 Mo. 677; *Drain v. Railroad*, 86 Mo. 574. (7) While instructions must be construed as a whole, and if, taken together, they present the law correctly, the courts will not reverse; but the court lost sight of another well-settled rule, that instructions must be consistent and not contradictory.

*Karnes, Holmes & Krauthoff* for respondent.

(1) Instruction number one asked by plaintiff was properly refused. This instruction is not properly supplemented by any other as to the issues, but it alone undertakes to present to the jury all the questions to be ascertained. It is well settled that instructions must not assume the truth of controverted facts. *Stoher v. Railroad*, 91 Mo. 509–518; *Wyandotte, etc. Co. v. Waldo*, 70 Mo. 629; *Donnell v. Bank*, 80 Mo. 165; *Wilkinson v. Thompson*, 82 Mo. 317; *Bank v. Crandall*, 87 Mo. 208; *Dowling v. Allen*, 88 Mo. 293; *Liggett v. Morgan*, 98 Mo. 39; *Robertson v. Drane*, 100 Mo. 273. There are cases where such instructions as these are proper. That is true where, notwithstanding the issues made by the pleadings, both parties during the trial treat the disputed fact or facts as conceded. *Pope v. Railroad*, 99 Mo. 406; *Fields v. Railroad*, 80 Mo. 203. But the fact must be undisputed. *Barr v. Armstrong*, 56 Mo. 577; *Mauerman v. Siemerts*, 71 Mo. 101; *Caldwell v. Stephens*, 57 Mo. 589. (2) Defendant's first instruction, even standing alone, was not erroneous or misleading, and certainly not so as a part of the entire law of the case given. Words should be taken in their usual and ordinary meaning. *Henry v. Evans*, 97 Mo. 47. For a definition of "accident" see Worcester's dictionary; Webster's dictionary; Cooley on Torts, p.

80, note 2; Whitaker's Smith on Negligence, p. 421; *Railroad v. Locke*, 112 Ind. 404. "The law does not fix any responsibility for injuries purely accidental." *Mitchell v. Railroad*, 51 Mich. 236; *Lewis v. Railroad*, 54 Mich. 55. Modified and explained as the word "accident" was by the word "merely," no one could fail to understand that the instruction referred to an unforeseen, unexpected and unavoidable occurrence; but the instructions were to be taken as a whole. There is no necessity for qualifying each by reference to the others. *Owens v. Railroad*, 95 Mo. 169; *Harrington v. Sedalia*, 98 Mo. 583; *State v. Mathews*, 98 Mo. 125; *Le May v. Railroad*, 105 Mo. 361. The leading case of *Sawyer v. Railroad*, 37 Mo. 262, shows the ordinary use of this word. (3) The verdict of the jury was manifestly for the right party and a different result could not have been reached without injustice. When this is true a case will not be reversed, even though some of the instructions are faulty. *Noble v. Blount*, 77 Mo. 235–239; *Browne v. Ins. Co.*, 68 Mo. 133; *Nelson v. Foster*, 66 Mo. 381; *Sinclair v. Bradley*, 52 Mo. 180; *Fortune v. Fife*, 105 Mo. 433, 438; *Walsh v. Exposition*, 101 Mo. 534.

BURGESS, J.—Plaintiffs filed their petition in the circuit court of Jackson county against defendant, claiming damages for personal injury to plaintiff T. J. Henry, who is the wife of her co-plaintiff, F. G. Henry.

Defendant filed its answer, being a general denial, and alleging contributory negligence. Plaintiffs filed reply to the new matter set up in the answer.

On the sixteenth day of June, 1890, the cause came on for trial before the court and a jury, and the plaintiffs, to sustain the issues on their part, introduced evidence tending to show the following state of facts:

VOL. 113—34

Mrs. Henry, the plaintiff, is a woman sixty-two years of age, and was at the time in robust health. On the fourteenth day of January, 1890, she undertook to cross Walnut street at the point where said street crosses Ninth street, both public streets in Kansas City. At this point defendant has a double-track cable railroad, which crosses at right angles the double-track cable railroad of the Kansas City Cable company, the two roads forming a square at the intersection of the center line of both streets. At this point a greater number of pedestrians pass than at any other point in the city. There are three trains each way at intervals of one minute at this crossing. The street was wet and muddy, there having been a fall of snow and rain that day. The cross-walk was occupied by a large number of pedestrians, and plaintiff, seeing a dry place in the street north of the crossing, undertook to pass over diagonally to reach a point on the west side of Walnut street. Defendant had made an excavation in the street, being in the form of a rectangular parallelogram, to oil the pulleys on which the rope rested. This opening was covered with an iron plate which fitted into an iron rim or frame, having sockets into which the plate slipped. The plate weighed about seventy-five pounds and was about three feet square. At one end was a hole about an inch in diameter, in the shape of a half circle, made for the purpose of admitting an iron crow-bar with which to raise the plate. As plaintiff was in the act of crossing the street, one of defendant's employes, whom it denominated an "oiler," inserted a crow-bar into this opening at the end of the plate for the purpose of raising it. The bar was five or six feet long and was used as a prize. The plate was frozen to the frame so that it required some effort to raise it. In doing so she testified that he tripped her with the crow-bar by throwing it

between her feet, threw her violently to the ground, and that she sustained serious and permanent injuries from the fall. That he helped her up, apologized and said that it was his fault. This man, the "oiler," whose name is Joseph Clinton, testified on behalf of defendant that the plaintiff tripped and fell herself; that she did not touch the crow-bar, and that he had no connection whatever with her falling or injury. They were the only two witnesses who testified anything about what caused her to fall.

The court, over plaintiff's objection, permitted Mr. Holmes, the president of defendant, to testify that pedestrians usually cross the street in the neighborhood of Ninth and Walnut.

The court permitted Robert Keith, a witness produced by the defendant, to give evidence as follows:

"Q. State where was the customary place for pedestrians to cross Walnut street between Eighth and Ninth. A. At the corner of Eighth, and also at the corner of Ninth."

Chief Hale, of the fire department, was permitted to testify as follows:

"Q. What extent, if any, have you observed pedestrians crossing at other points? A. Well, about the only persons I have seen passing across the street would be perhaps men, when, in hitching our horses, they would run across to see the horses exercised.

"Q. State whether or not it is unusual for ordinary pedestrians to pass the crossing and come down and cross over the street at other places? A. Yes, it is an unusual thing; I hardly ever see anyone cross in the middle of the street.

"Q. How about ladies crossing? A. I don't remember of seeing a lady cross in the middle of the block since I have been there. They generally go across the crossing."

All of the foregoing evidence was objected to by plaintiffs at the time, for the reason that the fact that other persons did not cross, or were not seen to cross, could in no way affect the question of defendant's liability, and only tended to confuse and mislead the jury, and for the further reason that plaintiff had a right to cross the street at any point she saw fit.

The court gave instructions, at the plaintiff's request, as follows:

"2. If you believe from the evidence that, on the fourteenth day of January, 1890, the defendant was maintaining an opening covered with a trap-door in Walnut street, north of its intersection with Ninth street, public streets of Kansas City, Missouri, for the purpose of oiling and repairing its machinery; that on said day the plaintiff, T. J. Henry, while in the exercise of ordinary care and caution, was crossing said Walnut street at said point; that one of the servants and employes of defendant, while engaged in the line of his duty in and about oiling and repairing said machinery, so carelessly and negligently handled said trap-door, or the bar used for removing the same, that he caused said plaintiff, T. J. Henry, to be tripped and lose her balance, so that she fell on and across one of the iron rails of defendant's track, by reason whereof she suffered an injury,—then defendant is liable. The jury is instructed that, in determining whether or not plaintiff, T. J. Henry, was guilty of negligence which directly contributed to the injury, you must take into consideration all the attending facts and circumstances; and if you believe from the evidence that said plaintiff did only what a prudent person under like circumstances and in like situation would have done, then said plaintiff was not guilty of contributory negligence.

"3. The court instructs the jury that, while defendant had the right to use Walnut street for the

purpose of laying its track and operating its railroad over same, yet plaintiff, T. J. Henry, had the right to cross said street at the cross-walk or elsewhere, exercising such caution and prudence as the circumstances demanded to avoid being injured.

"4. If the jury find for the plaintiff, you will assess the damages at such sum as you may believe from the evidence they may be entitled to under the facts proven and instructions given, not exceeding the sum of $10,000; and in fixing the amount of such damage the jury will consider the age of the plaintiff, T. J. Henry, her condition in life, the nature and extent of her physical injuries inflicted, and the bodily pain and mental anguish endured, and any and all such damages which it appears from the evidence will reasonably result from such injuries in the future."

And the court refused to instruct the jury, as prayed for by plaintiffs, as follows:

"1. The jury are instructed that in this case the plaintiffs seek to recover damages alleged to have been recieved by plaintiff, T. J. Henry, on account of a fall on the rail of one of defendant's tracks at a point on Walnut street, at or near its intersection with Ninth street, both public streets of Kansas City. This action is based on the alleged negligence of defendant's servant, whereby he tripped said T. J. Henry. The defendant denies the injury and negligence, and claims that if said T. J. Henry sustained an injury it was the result of her own negligence directly contributing thereto. Under the evidence it is for you to determine all these questions."

To the refusal of the court to so instruct the jury the plaintiffs at the time excepted.

There being evidence tending to support the issues presented by defendant's answer, the court, at defendant's instance, instructed the jury as follows:

"1. If the jury believe from the evidence that the injuries sustained by the plaintiff were merely the result of accident, then your verdict will be for defendant.

"2. The defendant had a right to open the trap-door in question, and defendant's servant had a right to assume that persons using the street at that point would exercise ordinary care and caution to avoid injury from the crow-bar in question, and such servant was not negligent unless a person in his situation and engaged in what he was actually doing would, in view of the then uses of the street, have anticipated the possibility of a footman passing the point in question, and of injury to such footman in the exercise of ordinary care, from the manner in which the jury believe from the evidence such servant of defendant was using the crow-bar at the time in question.

"3. The court instructs the jury that negligence and carelessness, applied to both plaintiff and defendant, means the failure to exercise ordinary care; that is, such care as ought to be expected of a reasonably prudent person under similar circumstances.

"4. Although the jury may believe from the evidence that the defendant's servant was engaged in raising said covering and failed to exercise ordinary care and prudence to prevent injury to persons crossing the street, yet if you believe that the plaintiff, in crossing said street, failed to exercise ordinary care and prudence on her part to avoid injury, as defined in the other instructions, and that had it not been for the failure on her part to exercise such care as thus defined the accident would not have happened, then she cannot recover, and your verdict will be for defendant."

To the action of the court in refusing plaintiffs' first instruction and giving those asked by defendant, the plaintiffs at the time objected and excepted.

The jury found for the defendant, and the plaintiffs in due time, and within four days, filed a motion for a new trial, which the court overruled.   To the action of the court in overruling said motion the plaintiffs at the time excepted.

The case is now here by appeal.

The grounds urged by appellants for a reversal of this cause are *first*, the action of the trial court in admitting improper and irrelevant evidence over their objections;  *second*, in refusing instruction number 1 asked by them, and giving instructions on the part of the defendant.

We will consider these points in the order above stated.

The plaintiff, Mrs. Henry, did not cross Walnut street at the regular crossing because it was muddy; but attempted to cross it between Eighth and Ninth, where the injury occurred.   It was shown by a number of witnesses introduced by defendant, who did business on the street, that it was very unusual for women to cross the street at this point; and by Mr. Holmes president of the defendant that pedestrians usually crossed the street in the neighborhood of Ninth and Walnut.   Appellants claim that this evidence was irrelevant and incompetent and that it had a tendency to mislead the jury.   Mrs. Henry herself had testified that she knew that the place where she crossed was dangerous, and this evidence on behalf of defendant was, we think, properly admitted that the jury might be in possession of all the facts, circumstances and surroundings connected with the injury in determining the question of the degree of care required by the employe of defendant, because of whose negligence it is claimed that it occurred.

Pedestrians had the undoubted right to use the street for all ordinary purposes, to walk across it, and

along it, if so inclined.    It was not competent for the purpose of showing contributory negligence on the part of Mrs. Henry, but it was competent for the purpose of showing that it was unusual for persons to cross the street where she did, and that a greater degree of care and caution was required on her part than would have been required of her had she crossed at the usual place of crossing and the injury had occurred at that point. That plaintiff had the right to cross the street at any point that she saw fit exercising due care and caution, there can be no question.    *Stringer v. Frost,* 116 Ind. 477; *Winters v. Railroad,* 99 Mo. 517.

But what was due care and caution on the part of the plaintiff was a question for the jury under all the facts and circumstances in proof to be determined in the light of the dangers to be reasonably apprehended. *Bowen v. Railroad,* 95 Mo. 268-275.    Every case must be determined by the peculiar facts and circumstances surrounding it; there is no absolute rule in regard to negligence.

Appellants also contend that the court committed error to their prejudice in refusing instruction number 1 asked by them, defining the issues to be passed upon by the jury.    This instruction, though subject to verbal criticism (inasmuch as it seems to assume that the employe of defendant tripped the plaintiff, Mrs. Henry), might very well have been given, and it would not have been error in the court to have done so.    It is substantially like an instruction given in the case of *Roe v. City,* 100 Mo. 192, which was affirmed by this court. But while it was the duty of the court to tell the jury what questions of fact were before them to be passed upon, it was not necessary that it be done in one instruction.    *Russell & Co. v. Ins. Co.,* 55 Mo. 585. And if the instructions taken as a whole presented the issues fairly, and were not misleading and were not

calculated to mislead the jury, it is all that was necessary. *Muehlhausen v. Railroad,* 91 Mo. 332; *Reilly v. Railroad,* 94 Mo. 600.

The further objection is made that the court erred in giving defendant's first instruction. And it is insisted that it entirely eliminates the question of negligence; especially is the use of the word "accident" objected to. Mr. Webster defines "accident" as "a coming or falling; an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause, and, therefore, not expected; chance; casualty; contingency." This objection, we think, is overcome by the use of the word *merely* next preceding it, a word the meaning of which is well understood, and to imply as used in this instruction that there must not have been any negligence or carelessness on the part of the employe of the defendant contributing to the injury. Words should be taken in their usual and ordinary meaning and as generally understood. *Henry & Coatsworth Co. v. Evans,* 97 Mo. 47. And we think when used in this instruction it was understood to mean that if the injury was purely accidental and without fault on the part of defendant's servant that it was not liable.

It is admitted by counsel in their brief that if some qualifying term had been used the objection to the word "accident" would not obtain, for instance, "unavoidable or inevitable." It seems to us, however, that the use of the word "merely" made the instruction quite as intelligible and as easily understood as if the word unavoidable or inevitable had been used, and that it did not, as contended for, eliminate the question of negligence.

In the case of *Sawyer v. Railroad,* 37 Mo. 262, in the sixth instruction asked by defendant and refused by the court, the same words that were used in the

instruction now under discussion were used. And the court, in speaking of the refused instructions as a whole, held that they should have been given.

Defendant's fourth instruction is objectionable for the reason that it does not require the exercise of any prudence or care on the part of defendant's employe, by reason of whose negligence it is alleged the injury occurred, but when taken in connection with all the instructions given in the case we cannot say that we think the jury was misled by it, as they found the only verdict they could have found consistent with the evidence. And as section 2303, Revised Statutes, 1889, provides that this court shall not reverse the judgment of any court, unless it shall believe that error was committed in such court against the appellant or plaintiff in error, and materially affecting the merits of the action, the judgment will be affirmed. *Fitzgerald v. Barker*, 96 Mo. 661; *McGowan v. St. Louis Ore & Steel Co.*, 109 Mo. 518. Judgment affirmed. All of this division concur.