SAM HARROD, by Next Friend, Respondent, v. HAMMOND PACKING COMPANY, Appellant.

Kansas City Court of Appeals, May 6, 1907.

1. MASTER AND SERVANT: Negligence: Contributory Negligence: Oscillating Saw: Evidence. *Held*, that there was sufficient evidence that a certain saw oscillated in its movement and that plaintiff was in the exercise of care when injured to send the issues to the jury.

2. ———: Assumption of Risk: Accident. If the injury is the result of accident or if one incident to the business and likely to occur however the work was conducted, the master is not liable. *Held*, on the evidence that the work could have been by proper care conducted without accident and was therefore not incident to the business.

3. ———: Negligence: Contributory Negligence: Evidence. *Held*, the evidence as to the negligence and contributory negligence was sufficient to send the case to the jury.

4. ———: ———: Assumption of Risk. The servant assumes no risk of the master's negligence, and if the implements furnished are known to be unsafe a question of contributory negligence arises and not of assumption of risk.

5. ———: ———: Instruction: Assuming Care: Trial Practice. An instruction is held not to assume ordinary care on the part

Harrod v. Packing Co.

of the plaintiff nor that the defendant was guilty of negligence; and plaintiff is not required to include in an instruction independent matters going to the defendant's exoneration.

6. ———: ———: ———. An instruction by the court's modification is held to make the defendant liable whether the appliance furnished was safe or unsafe and is error.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

*Vinton Pike* for appellant.

(1) The plaintiff should have been nonsuited. (2) The plaintiff should have been nonsuited for the further reason that the physical facts show that the injury to plaintiff was the result of pure accident, or was caused by plaintiff's own carelessness. Dean v. Woodenware Co., 80 S. W. 292; Barberi Case, 118 Mo. App. 218. (3) Plaintiff's first instruction is erroneous. (4) The instruction was also erroneous in declaring as a matter of law that the master was guilty if the saw was loose so that in revolving it varied. (5) The petition in this case is meagre, but the only meaning it is susceptible of is that the master negligently permitted the appliance to get out of repair. If there is any tendency in the evidence it is that the appliance was defectively constructed. The distinction is a broad one. Current v. Railroad, 86 Mo. 62. (6) The petition is fatally defective in failing to allege the master's knowledge of the alleged defect, and such defect is not cured by verdict. Mueller v. Shoe Co., 109 Mo. App. 517.

*Mytton, Parkinson & Crow* for respondent.

(1) That defendant actually knew the real condition of the saw; one of defendant's machinists examined it continually, and the foreman observed it daily, and an employee testified for defendant that the saw was loose and would wabble, and any person could see same,

and under this condition of the evidence it was not necessary to require the jury to find the defendant knew the fact. Weldon v. Railroad, 93 Mo. App. 668; Bertram v. Railroad, 154 Mo. 639; Dunn v. Electric Co., 81 Mo. App. 42; Parks v. Railroad, 178 Mo. 108; McLean v. Kansas City, 100 Mo. App. 625; Cameron v. Bolt Tool Co., 108 Mo. App. 265; Henderson v. Kansas City, 177 Mo. 477; Reno v. St. Joseph, 169 Mo. 642. (2) The defense was contributory negligence without any attempt to disprove knowledge of defects, if any such existed, and it was therefore not error to assume knowledge, and this is true for a better reason, namely: Defendant took the position that on account of the known defects plaintiff was guilty of negligence in using same. Henderson v. Kansas City, 177 Mo. 477. (3) The petition is good after verdict, even if it would have been subject to the objection of appellant on demurrer as there was no motion in arrest. Muncho v. Same, 96 Mo. App. 553; Hagerty v. Railroad, 100 Mo. App. 424; Robinson v. Insurance Co., 105 Mo. App. 567; Rogers v. Insurance Co., 93 Mo. App. 24; Sawyer v. Railroad, 156 Mo. 468.

BROADDUS, P. J.—This is a suit to recover damages alleged to have been received by plaintiff on account of the negligence of the defendant company. The facts are that the plaintiff, a boy at that time seventeen years of age, was injured while operating a circular saw. His employment consisted in sawing off the horns and sawing the jaws of animals that had been slaughtered in defendant's packing establishment. The saw was circular, sixteen inches in diameter, was attached to a shaft below a table or platform and projected up a sufficient distance through a groove or slit in the table about one-half inch wide so that the work could be accomplished upon the upper surface of the table. The manner of performing the work was for the operator

to seize the head of the animal and shove it against the saw which then severed the parts. In sawing off horns, the operator held the point of the horn with one hand. It was shown that the saw at the time of plaintiff's injury and for some time previous was not so firmly attached to the shaft as to prevent it from having a lateral motion when in operation, or as a witness expressed it, "it wabbled." There was also a depression in the surface of the table caused by use near the place where the heads of animals were to be operated on. The plaintiff had been in the employ of defendant for several months prior to his injury, but had been working at the saw for only about two weeks. His evidence went to show his injury was caused in the following manner; he took hold of the head of an animal and shoved it towards the saw when it went into the depression mentioned, the saw "wabbled" and caught his hand. There were three saws used at this table, one at a time. When one was out of proper condition, another was substituted in its place. The operator was entrusted with the duty of changing saws when it became necessary and plaintiff had on the morning of the day he was injured taken out the saw he had been previously using and put another in its place. The evidence showed that defendant's foreman was aware of the fact that the saw did not work true.

The plaintiff admitted that he knew of the condition of the saw and the table in question, and that he was aware that his work was dangerous and that he was liable to get hurt, but that he endeavored to avoid the danger by being careful at his work. Other employees of the company had operated the saw in the condition described, but no one of them had been hurt in so doing. There was evidence tending to show that the saw could have been so secured that it would not have "wabbled." Notwithstanding the plaintiff's youth, he was familiar with the condition of the appliances he was operating,

as it was shown that he was reasonably expert and expeditious in his work.. The plaintiff testified that the lateral motion did not cause the saw to strike the sides of the groove, but that it came quite close to doing so, while one of his witnesses testified that it did. Plaintiff's testimony was that there was no regularity in the lateral motion of the saw, but that it was intermittent. The judgment was for the plaintiff, from which defendant appealed.

Defendant contends that plaintiff should have been nonsuited for the following reasons: First, Because there was no evidence that the saw oscillated. Second, Because the physical facts show that plaintiff's injury was an accident or was caused by his own negligence. Third, Because plaintiff assumed the risk. The statement of the facts of the case is an answer to the first contention. As to the second, the evidence tends to show that plaintiff was at the time of his injury in the exercise of due care, which must be accepted as conclusive unless the physical facts show that the injury could not have been inflicted unless he was in fact negligent.

If the injury was the result of an accident or was one incident to the business and likely to occur, however the work was conducted, the defendant was not liable. An accident, as defined in Webster's Dictionary and as generally accepted by the courts, means, "A coming or falling; an event that takes place without one's foresight or expectation; an event that proceeds from an unknown cause, and therefore not expected; chance, casualty, contingency." [Henry v. Railroad, 113 Mo. 525.] In the case at bar, the cause of the injury was the coming of plaintiff's hand in contact with the revolving saw and could have been prevented by the exercise of foresight and due care on the part of plaintiff or if the appliance had been kept in proper repair and good working condition. Witnesses stated that it was safe to operate the saw by using proper care. They are

all agreed on this point. It follows then as a necessary corollary that plaintiff's injury was the result of negligence, and that it was not an incident to the business which was liable to occur notwithstanding the exercise of due care upon the part of both the master and servant.

It is contended, however, that, notwithstanding plaintiff's testimony that he was without fault, the physical facts show that the defects complained of did not produce the injury. It is insisted that as the groove or slit in the table through which the saw worked was only one-half inch wide and the swaying of the saw did not reach the sides of the groove, the line in which it revolved did not vary more than one-fourth of an inch from a true line; the wabbling was so slight that it could not have been the cause of the injury in the ordinary and proper operation of the appliance. But when we take into consideration the method pursued in the work, we are not persuaded that defendant's position is well founded. The operation was one, as we view it, in which the workman would be compelled in defense of his own safety to gauge with precision the point of the horn on which he would place his hand to hold it while the saw would sever it from the head. He would have to make due allowance for space sufficient between his hold on the horn and the head for the saw to do its work. If the saw worked true, we presume, from the testimony, a competent workman would know just how he could in every instance manipulate the horn with reference to the saw to do it properly. If the saw did not work regularly, but varied from a true line more or less, as shown, the workman would be placed at a disadvantage and would be liable to get hurt because of his inability to gauge space, as indicated, with sufficient accuracy. And we can see, taking these facts into consideration, that it is reasonable to conclude that the depression in the table also might have con-

tributed to the result. Had the table been of an even surface, the shoving of the horn to the saw would be attended with more or less uniformity, but a depression in the table might interfere with such uniformity and regularity, as the plaintiff testified it did. He says the head went over into this depression when it was caught by the wabbling of the saw.

However, it is insisted that as plaintiff was aware of the defects he assumed the risks. It is well-established law in this State that the servant does not assume the risks of the master's negligence. [Shore v. Bridge Co., 111 Mo. App. 278; Curtis v. McNair, 173 Mo. 278.] The law is stated thus: "The servant does not assume the risk of the master's negligence. He simply assumes the risk of the dangers incident to his employment. If the master furnishes the servant implements and he uses them, knowing them to be unsafe, a question of contributory negligence arises, but not of assumption of risk." [Cole v. Transit Co., 183 Mo. 81.]

But, was the plaintiff guilty of contributory negligence in using the saw, knowing its defects?. We think not. The testimony was in accord that the danger was not so glaring as to deter a reasonably prudent man in the exercise of ordinary care from engaging in the work. [Cole v. Transit Co., supra.] This question has been so often decided that it is not necessary to cite other cases.

Objection is made to instruction number one, given for plaintiff, on the ground that it assumes that plaintiff was exercising ordinary care at the time he was injured. We think this is a misapprehension of the meaning of the instruction. The language criticized is: "And you further believe from the evidence that plaintiff while exercising ordinary care was injured on account of the conditions stated in this instruction, if you believe he was injured, then you will return a verdict for plaintiff." A fair construction of the meaning of

the words is that the jury are to find that plaintiff was injured while exercising care.

A further objection to the instruction is that the court declared as a matter of law that the defendant was guilty of negligence, if the saw was so loose that in revolving it varied. The defendant is not accurate in stating the legal effect of the instruction. It read that, if "the saw upon which plaintiff was required to work was loose so that it varied or wabbled, and you further believe from the evidence that plaintiff while exercising ordinary care was injured on account of the condition stated in this instruction . . . then your verdict will be for plaintiff." It was not an abstract statement, as a matter of law, that the working condition of the saw was negligence, but an application of the law to the facts: that is, if the saw varied and wabbled and the plaintiff while exercising due care was injured, then he was entitled to recover. It is always the duty of the court to declare the law applicable to the facts. If the defect in the appliance was such as to cause injury while being operated in a careful manner, then as a matter of law defendant was guilty of negligence. But it is argued that "the master may have fully performed his legal duty," and that "he may have inspected as often as ordinary care required and found the appliance . . . to be reasonably safe." That is true, but such a showing would be a matter of defense and would entitle defendant to a verdict, and it would be a question for the jury. Plaintiff was not required to include independent matters in his instruction going to exonerate defendant from the charge of negligence.

Among others, defendant asked the court to give the following instruction: "If you find from the evidence that the saw in question was securely fastened to its shaft, and the shaft was securely adjusted so as to prevent lateral motion, you will return a verdict for defendant." The court refused the instruction as

asked and modified it by adding the following words, "and that said saw was reasonably safe for use by a person exercising ordinary care and attention to his duties." The instruction should have been given as asked, as it met the issue in controversy. The modification directed the attention of the jury to matter not in issue, viz.: the safety of the appliance in the exercise of ordinary care without reference to its defective condition. In other words, the jury were practically told that, notwithstanding they might find the saw working in perfect order, yet they must further find that it was safe if used carefully, before they could find for the defendant. The effect was to nullify defendant's theory that it had furnished a reasonably safe appliance. The jury were practically authorized to return a verdict for plaintiff if the appliance was either safe or unsafe.

Other errors assigned are not well taken. Reversed and remanded. All concur.