## CHARLES BRITTON, Respondent, v. HAMMOND-PACKING COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. **NEGLIGENCE: Evidence: Condition of Implement: Jury.** The evidence relating to the condition of an implement as exhibited to the jury at the trial and as it was at the time of the alleged accident is reviewed and held sufficient to send the question to the jury.

2. ———: ———: ———: ———: **Instructions.** An implement used in a packing house, termed a shifter, was exhibited at the trial and shown to be in proper condition and the issue was as to its condition at the time of the accident. An offered instruction told the jury if they found the condition the same at the accident as at the trial the verdict should be for the defendant. The court inserted "and reasonably safe for use" as a further condition to such verdict. *Held*, error.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

*O. C. Mosman* and *Vinton Pike* for appellant.

(1) The only issue in the case was whether the notches were worn so that they would not stay in place. The shifter to which the notches belonged was shown to the court below, and is seen by the court here. It is a physical demonstration that the notches were not in the condition the plaintiff alleged them to be. (2) The plaintiff concedes that the notches as they now appear in

the shifter are unobjectionable, and so made as to be safe, but he states that they were not in the condition that he saw them a month before he was hurt. There was no credible evidence that any change had been made in them. The plaintiff says his eye was never within five feet of them before. He saw them at the trial, and all the other witnesses state that no change had been made. The shifter exhibited here shows no change. (3) The court told the jury that the notches exhibited to them disproved plaintiff's allegation, if they were in the same condition at the time of the accident as they were at the time of the trial, but the court, over our exception submitted to the jury the irrelevant issue whether the notches as exhibited to the jury "were reasonably safe ,for use." This same error was made by the same court in Harrod against the same defendant, 125 Mo. App. 357, and for which the judgment in the Harrod case was reversed.

*Mytton & Parkinson* and *Chas. C. Crow* for respondent.

(1) Appellant complains of the modification of its instruction number 4 by the insertion of the words "and reasonably safe for use" by the court and relies upon the Harrod case determined in this court and reported in the 125 Mo. App. 357. A casual reading of the Harrod case and the instruction and facts in this case will clearly demonstrate to the court that there is no similarity.

BROADDUS, P. J.—The defendant is a corporation operating a packing plant in St. Joseph, Missouri, in which there is a department known as the Oleo Department, and in said department the material which is used in the manufacture of Oleo is carried by means of a conveyor from the third to the fourth floor and deposited in kettles. The conveyor was a long, box-like affair, in which paddles passed, attached to an endless chain. The chain was operated by belt, pulley and shafting. The

shaft which moved the chain was rotated by a belt and pulley attached to another shaft. The latter (probably a main one) was generally in motion. On the shaft which moved the conveyor were two pulleys, one fixed, the other loose. When the belt was on the fixed pulley the shaft revolved and moved the conveyor; when on the other the pulley revolved upon the shaft, and the conveyor was stationary. To transfer the belt from one pulley to the other, a perpendicular bar was put beside the belt, one end being attached to the timbers above. By taking hold of the lower and detached end and pressing it against the belt, the transfer was made from the fixed to the loose pulley. To hold the perpendicular bar in place, a cross-bar was attached to it with notches in it which rested on another and stationary bar set at right angles. When plaintiff was ready to clean conveyor, he called a fellow-servant to stop the machine, which was done.

The plaintiff's evidence tends to show that he had been in the employ of defendant for some time previous to the date of his injury; that it was a part of his duty to clean out the box and the lower portion of the conveyor each evening after the conveyor had stopped; that on the date in question, after the conveyor had been stopped as usual, he attempted to clean the box and conveyor and for that purpose put his right hand and arm in the box, and while so engaged the conveyor started and caught his arm and severely injured it; that the notches on the board attached to the lever had been so worn that they did not hold in place and thus permitted the belt to work from the loose wheel, where it had been placed at the time he began to clean the conveyor, onto the wheel fastened to the shaft, whereby the conveyor was started without any warning to him. The board or shifter in question was exhibited to the jury as well as to this court and its appearance indicated that the notches in question were not worn and would not work out of place notwithstanding the most severe jars. However, plain-

tiff introduced testimony tending to show that these notches were not in the same condition they were at the time of plaintiff's injury, but had been changed and put into their improved condition. Plaintiff also introduced evidence tending to show that defendant had had notice of the defects in the board. One witness stated that the notches had worn a little on each corner and that they had been in that condition for three or four weeks before plaintiff's injury. Plaintiff also testified that the notches were worn. The plaintiff had never operated the lever that made the shift of the belt from the tight to the loose wheel. Another workman made the shift on the occasion in question. He showed the jury how it was done and he testified that he was looking and noticing what he was doing. There was evidence tending to show that the notches had failed to hold in place on two former occasions and that Bell, defendant's foreman, had been notified in reference thereto and that he had promised to have matter remedied.

On the contrary, defendant's evidence was that there had been no change in the condition of the notches in the board from the time of plaintiff's injury until it was exhibited in court; and that, if the notches were once properly placed, they would not become displaced by the jarring of the machinery. The judgment was for plaintiff for $2,200, from which defendant appealed.

The main contention of defendant is that there was no credible evidence that the notches were so worn that they would not stay in place; but the statement shows that there was evidence to that effect, and, if true, it is not incredible that plaintiff's injury was the result of such defect of said notches. The only other way (the one assigned by defendant) in which the conveyor could have been started was the failure of the workman to push the contrivance far enough for the notch to catch properly, in which case the belt would be likely to work onto the wheel that operated the conveyor. But this is mere supposition, against the evidence of the witness

that he did complete the shift. It seems to us there was sufficient evidence on the part of plaintiff to allow him to go to the jury.

The defendant asked the following instruction: "You are further instructed that the plaintiff admits that the lever and shifter shown the jury is the same one of which plaintiff complains in his petition, but says the notches therein at the present time are not in the condition alleged in the petition, and, if you believe from the evidence that the notches in said shifter were the same when the accident in question occurred as they are in the shifter shown the jury [and reasonably safe for use], you will return a verdict for defendant." The court refused to give it as asked and inserted the words included in brackets.

The shifter, as exhibited, was in perfect working order and there was no evidence that its construction was faulty in any respect, or that it was unsafe when used with care. The words inserted by the court were unnecessary; the only question is, were they harmful. In Harrod v. Packing Co., 125 Mo. App. 357, a similar instruction was held to be prejudicial. The one here is equally so. The evidence was conclusive that the shifter as it appeared was not defectively constructed and was in good condition. The instruction, as given, left it to the jury to say, notwithstanding they might find it was in the same condition then as when the injury happened, still they might, if they thought proper, pronounce it unsafe for use. For this error, the cause is reversed and remanded. All concur.